UNITED STATES of America, Plaintiff,

v.

DIAMOND INDUSTRIES, INC., Keystone Fuel Oil Company, Diamond Management, Inc., Diamond Petroleum Company, Petrokey Corporation, Diamond Oil Co. of Pa., Inc., Diamond Ice & Fuel Company, Altemos Fuel Oil Company, Diamond Fuel Oil Company, Diamond Oil Co. of Md., Inc., Stanley W. Mann, Bernice S. Mann, Louis N. Manerchia and R. Gardner Kahoe, III, Defendants.

Civ. A. No. 91–619–JJF.

United States District Court,
D. Delaware.

Dec. 10, 1992.

---

William C. Carpenter, Jr., U.S. Atty., and Nina Pala, Asst. U.S. Atty., D. Del., Wilmington, DE, for U.S.

Walter L. Pepperman, II, of Morris Nichols Arsht & Tunnell, Wilmington, DE, Nor-

---

ris McLaughlin & Marcus, Somerville, NJ, for defendants.

## MEMORANDUM OPINION

FARNAN, District Judge.

The parties have filed a Joint Motion for Extension of Deadlines and Continuance of Trial Date and for Determination of Complexity pursuant to 28 U.S.C. § 473(a)(2)(B)(i) and (b)(3) and District of Delaware Local Rule 16.1(a)(1)–(2) and 16.5.

## I. DISCUSSION

The Civil Justice Reform Act ("CJRA"), 28 U.S.C. § 471, et seq., places substantial burdens on everyone involved in litigation in district courts. The CJRA requires district courts to manage litigation with a view toward reducing delay and cost in bringing cases to trial. In this regard, the CJRA sets time limits that are to be met by the trial courts for all pre-trial proceedings and ultimately trial. 28 U.S.C. § 473(a)(2)(B). The only permitted exception to these time limits countenanced by the CJRA is for a "complex case." 28 U.S.C. § 473(a)(2)(B)(i) and (ii).

A determination of "complexity" first requires that a party give notice of its belief that the matter may be complex. Once a party gives notice, then the district court is obligated to engage in an analysis of certain considerations which are set forth in the Local Rules for the District of Delaware. D.Del.L.R. 16.1(a)(1) and (2).

In this case, no notice of complexity was given by any party upon the entry of the Rule 16 Scheduling Order. However, well into the schedule set by the Rule 16 order, the parties have jointly come forward with the present application. In their motion, the parties seek a determination of complexity and a continuance of the trial which is scheduled to commence on June 22, 1992.

In order to assess the merits of the request, the Court will generally review the considerations set forth in Local Rule 16.-1(a)(2).

### 1. Type of Action

· This is primarily an action to enforce a judgment obtained by the United States in the United States District Court for the District of Maryland on November 18, 1987. The nature of an enforcement action does not alone merit a determination of complexity.

### 2. Number of Parties

In this action, the United States is suing the following parties: Diamond Industries, Inc., Keystone Fuel Oil Company, Diamond Management, Inc., Diamond Petroleum Company, Petrokey Corp., Diamond Oil Co. of Pa., Inc., Diamond Ice & Fuel Company, Altemos Fuel Oil Company, Diamond Fuel Oil Company, Diamond Oil Co. of Md., Inc., Stanley W. Mann, Bernice S. Mann, Louis N. Manerchia, and R. Gardner Kahoe, III. Again, the number of the parties alone doesn't render this action "complex."

### 3. The Nature and Number of Issues Pled

Both the Complaint and the Answer indicate a critical issue in this litigation is whether the United States will be able to successfully pierce the alleged corporate veil of the corporate defendant in the 1987 Maryland lawsuit to reach the defendants named here. According to the Complaint, the judgment obtained in the Maryland District Court action was against Roarda, Inc. The Complaint alleges that Roarda, Inc. was merely an *alter ego* of the defendants named here. Thus, according to the Complaint and the Answer, the success of the United States in the present action will turn on the ability of the Government to show that Roarda, Inc. was a "dummy" corporation that was merely an "instrumentality which defendants have attempted to use to defraud the United States of the damages due and owing." (Complaint ¶ 3).

Thus, the cause of action as against each named defendant turns on resolution of the same issue, whether Roarda, Inc. was merely an *alter ego* or if the corporation was sufficiently separate to permit it the protection afforded to all corporations. The number of defendants does not alter the status of the straightforward legal issue presented by this case.

### 4. Nature of Factual Issues

There is nothing in the Complaint, Answer, or Joint Motion that suggests to the Court that a determination of this case as complex is warranted by the factual issues presented. Although numerous factual issues need to be resolved in the litigation, there is nothing atypical about these issues.

### 5. Nature & Extent of Discovery

What the parties cite as discovery problems are typical of most cases filed in district courts and certainly do not support a determination that the discovery process in this case is so unique as to merit a designation of this matter as complex.

### 6. Need for Experts

Although the parties indicate that expert testimony will be required by both sides, there is no indication of the extent such testimony will be required nor why this factor should lead to a finding of complexity. Most cases in the district courts rely, to some extent, on expert testimony, however, this does not render a case complex.

### 7. Nature and Extent of Pre–Trial Issues

The Court and parties have already resolved many of the significant pre-trial issues and therefore this factor is of little weight at this stage of the proceedings.

### 8. Special Difficulties

The parties have indicated the following facts would permit the Court to certify this case as complex: (1) new counsel has entered an appearance for both sides; (2) the Court did not render its decision on Defendants' Motion for Summary Judgment until July 30, 1992; (3) extensive written discovery has just commenced; (4) discovery by way of third party subpoena is necessary; (5) only one deposition has been taken and further depositions will be required once written discovery is complete; and, (6) the parties are currently involved in "negotiations regarding the issue of privileged documents in an effort to avoid involving the Court in resolving any dispute in that regard". (Joint Motion for Extension of Deadlines and Continuance of Trial Date and for Determination of Complexity ¶ 2).

The Court is mindful of the many burdens already placed upon lawyers who litigate, especially with regard to their time. The Court is empathetic that the rigors of such a practice can be stressful and sometimes disruptive and unpleasant. On the other hand, the Court must respond to the dictates of the CJRA and only determine a case complex when such a finding is clearly warranted on the factors enumerated in Local Rule 16.1(a)(2) in the context of all the cases that come before the Court. The facts and reasons cited by the parties in this case, when considered individually and collectively, do not demonstrate that this matter is complex under the CJRA and Local Rule 16.1(a)(2).

## II. CONCLUSION

After consideration of the factors relevant to a determination of complexity under the CJRA, the Court finds that the case before it is not "complex." The Joint Motion for Extension of Deadlines and Continuance of Trial Date and for Determination of Complexity pursuant to 28 U.S.C. § 473(a)(2)(B)(i) and (b)(3) and District of Delaware Local Rule 16.1(a)(1)–(2) and 16.5 will be denied.

An appropriate order will be entered.